# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND HUGHES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:17 CV 5429 |
| | ) | Hon. Marvin E. Aspen |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Raymond Hughes filed this action against the United States Department of Justice ("DOJ"), seeking records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Presently before us is DOJ's motion to dismiss Plaintiff's amended complaint. (Dkt. No. 8.) For the reasons stated below, we grant DOJ's motion.

## BACKGROUND

Pursuant to FOIA § 552(a)(4)(B), Plaintiff filed a complaint on July 25, 2017 seeking the "criminal record of Andrew Hughes, AKA Andrew Darian from the United States Department of Justice's criminal data base." (Compl. (Dkt. No. 1) ¶ 1.) He amended his pleading as a matter of course, filing an amended complaint on August 15, 2017. (Am. Compl. (Dkt. No. 7).) The amended complaint alleges "Andrew Hughes, AKA Andrew Darian holds a Broward County Florida government position of Personal Representative to the plaintiff's estate," and he has been "withholding his felonious past from the estate's heirs, and all interested persons." (*Id.* ¶ 1.)

Plaintiff asserts Hughes "has a moral obligation to identify his criminal and fugitive past to the estate's heirs and all interested persons of the estate." (*Id.*)

On September 1, 2017, DOJ filed a motion to dismiss Plaintiff's amended complaint. (Dkt. No. 8.) DOJ contends that Hughes fails to allege that he previously requested any records from DOJ, and therefore, his complaint must be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (*Id.* ¶¶1–2.) In the alternative, DOJ argues the amended complaint should be dismissed for failure to state a claim under Rule 12(b)(6). (*Id.* ¶ 3.)

## ANALYSIS

When reviewing a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), we accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the non-moving party. *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003). FOIA confers federal jurisdiction to enjoin a federal agency "from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Pursuant to FOIA, "federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150, 100 S. Ct. 960, 968 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). "Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation." *Id.*

Plaintiff's amended complaint fails to allege a basis for the court's jurisdiction. We construe Plaintiff's *pro se* complaint liberally. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015);

2

*Nichols v. Mich. City Plant Planning Dep't*, 755 F.3d 594, 600 (7th Cir. 2014). However, even liberally construed, Plaintiff does not allege that he ever requested his brother's records from DOJ, nor does he plausibly allege that DOJ withheld the records or that it did so improperly. In response to DOJ's motion, Plaintiff states in conclusory terms that he "has exhausted all avenues with FOIA leaving the only option left to the Plaintiff, that is to file a complaint in Federal Court." (*Id.* ¶ 3.) He also argues that he "was advised, in writing, by the DOJ to file a complaint in Federal Court." (*Id.*) Plaintiff does not provide any further explanation regarding the steps he has taken to "exhaust[] all avenues with FOIA" or regarding the content or circumstances of the alleged letter from DOJ. Regardless, it remains that Plaintiff has alleged no facts in his amended complaint supporting an inference that he made a FOIA request in the first instance, and he does not allege DOJ failed to provide him with requested documents for an improper reason. *See, e.g.*, *McClain v. U.S. Dep't of Justice*, No. 97 C 0385, 1999 WL 759505, at *3 (N.D. Ill. Sept. 1, 1999), *aff'd,* 17 F. App'x 471 (7th Cir. 2001) (dismissing claims where plaintiff failed to allege he made a FOIA request or that specific records were improperly withheld by the federal agencies).

Accordingly, we lack subject matter jurisdiction over Plaintiff's amended complaint, and Defendant's motion is granted, without prejudice. *Kissinger*, 445 U.S. at 150, 100 S. Ct. at 968; *Kromrey v. U.S. Dep't of Justice*, 423 F. App'x 624, 626 (7th Cir. 2011) ("[U]nless both subject-matter and personal jurisdiction have been established, a district court must dismiss the suit without addressing the substance of the plaintiff's claim."). To the extent Plaintiff can establish that he has met the jurisdictional requirements of FOIA as set forth above, he may file an amended complaint, consistent with this Order, on or before December 4, 2017.

## CONCLUSION

For the foregoing reasons, we grant DOJ's motion to dismiss. If he is able to do so consistent with this Order, Plaintiff may file an amended complaint on or before December 4, 2017. Failure to do so will result in dismissal of his claims with prejudice. It is so ordered.

                                                Marvin E. Aspen
                                                United States District Judge

Dated: November 6, 2017
        Chicago, Illinois