UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAYMOND HUGHES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:17 C 5429 ) Hon. Marvin E. Aspen |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Plaintiff Raymond Hughes filed this *pro se* action against the United States Department of Justice ("DOJ"), seeking criminal records from the United States Marshals Service pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Presently before us is DOJ's motion for summary judgment. (Dkt. No. 22.) For the reasons stated below, we grant DOJ's motion.

**BACKGROUND**

The following facts are taken from the Defendant's Local Rule 56.1 Statement of Uncontested Material Facts ("SOF") and are undisputed.[1] (Dkt. No. 24.) Plaintiff submitted a

---

[1] Plaintiff failed to file responses to Defendant's SOF complying with Local Rule 56.1(b)(3) (requiring the non-movant to file "a concise response to the movant's statement," including "a response to each numbered paragraph in the moving party's statement"). Despite being advised of the requirements of Local Rule 56.1, Plaintiff did not file a separate response to each of Defendant's SOF, and to the extent he attempted to dispute Defendant's facts, he did not support his denials with admissible evidence. (*See* L.R. 56.2 Notice to *Pro Se* Litigant Opposing Summary Judgment (Dkt. No. 25).) We accordingly deem all material facts set forth in Defendant's SOF admitted. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *see also Flint v. City of Belvidere*, 791 F.3d 764, 767 (7th Cir. 2015) (collecting cases and stating the Seventh Circuit "has consistently upheld district judges' discretion to require strict compliance with Local Rule 56.1"); *Malec v. Sanford*,

FOIA request to the Marshals Service on July 26, 2016 seeking the "records for ANDREW K. HUGHES, aka, Andrew Darian," Plaintiff's brother. (SOF ¶ 1.) Plaintiff's FOIA request stated that Andrew Hughes "was on the lam throughout the 1980s" and indicated Plaintiff was "currently in a probate court proceeding wherein Andrew Hughes is the Personal Representative." (*Id.* ¶ 2.) Plaintiff's FOIA request alleged "[i]t is against the Florida Probate Code to have a felon serve as the Personal Representative." (*Id.*)

The Marshals Service timely responded to Plaintiff's request, stating that it "could neither confirm nor deny the existence of any non-public records responsive to his request because the records would be exempt from disclosure under FOIA exemption (7)(C)." (*Id.* ¶ 3.) The Marshals Service explained that Exemption 7(C) covers third-party records compiled for law enforcement purposes, including the records Plaintiff requested, because production of such records would constitute an invasion of personal privacy. (*Id.*) The Marshals Service determined that Plaintiff's request for "criminal records" constituted records compiled for law enforcement purposes, because responsive records could only be found, to the extent they existed, in two national systems of records that are collected and maintained for the purpose of carrying out the Marshals Service's criminal law enforcement activities. (*Id.* ¶¶ 8–14.) The Marshals Service further found that "[b]ecause of the fact that members of the public may draw

---

191 F.R.D. 581, 584 (N.D. Ill. 2000) (stating Rule 56.1(b)(3) "may be the most important litigation rule outside statutes of limitation because the consequences of failing to satisfy its requirements are so dire" as "the penalty for failing to properly respond to a movant's 56.1(a) statement is usually summary judgment for the movant (at least if the movant has done his or her job correctly) because the movant's factual allegations are deemed admitted"). The fact that Plaintiff is a *pro se* litigant does not change this conclusion. While we "are required to give liberal construction to pro se pleadings . . . it is also well established that pro se litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008).

adverse inferences if an individual is even mentioned in the files of a criminal law enforcement agency, the mere confirmation of the existence of such records may [constitute] an unwarranted invasion of privacy." (*Id.* ¶ 15.) Additionally, the Marshals Service explained the release of such records could "subject this individual to unwarranted public attention, harassment, and annoyance in his private life for possibly being associated with a criminal matter." (*Id.* ¶ 17.)

On September 29, 2016, Plaintiff submitted an administrative appeal to the Department of Justice Office of Information Policy ("OIP"). (*Id.* ¶ 4.) Plaintiff stated he was requesting Andrew Hughes' law enforcement records but argued his request was not an unwarranted invasion of personal records because he was "not a reporter" and the documents he was seeking were "not for media publication nor televised broadcasting" but rather for "cessation of an ongoing violation of state laws perpetuated by the subject, Andrew K. Hughes, AKA Andrew Darian." (*Id.*) Plaintiff further stated that Andrew Hughes was violating probate laws in Florida and Illinois by serving as a probate officer despite his "felony conviction and fugitive status." (*Id.* ¶ 5.) OIP affirmed the Marshal Service's denial on the grounds that law enforcement records relating to Andrew Hughes would be categorically exempt from disclosure under FOIA Exemption 7(C) absent Andrews Hughes' consent, proof of death, or an overriding public interest. (*Id.* ¶ 6.)

## STANDARD OF REVIEW

Summary judgment is proper only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue for trial exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). The standard places the initial burden on the moving party to

identify those portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (internal quotations omitted). Once the moving party meets this burden of production, the nonmoving party "must go beyond the pleadings" and identify portions of the record demonstrating that a material fact is genuinely disputed. *Id.*; Fed. R. Civ. P. 56(c). In deciding whether summary judgment is appropriate, we must accept the nonmoving party's evidence as true and draw all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 244, 106 S. Ct. at 2513. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Sarver v. Experian Info. Sols.*, 390 F.3d 969, 970 (7th Cir. 2004) (citation omitted).

## ANALYSIS

Defendant argues summary judgment is warranted because the records Hughes seeks are criminal law enforcement records exempt from disclosure under FOIA, and the Marshals Service properly issued a "*Glomar* response" refusing to confirm or deny the existence of any such records. (*See* Mem. in Support of Mot. for Summ. J. ("Mem.") (Dkt. No. 23).) In support of its motion, Defendant submitted the declaration of Katherine Day, General Counsel of the United States Marshals Service, which sets forth the reasons the Marshals Service withheld the criminal records Plaintiff requested. (Day Decl. (Dkt. No. 24–2).)

Pursuant to FOIA, Defendant bears the burden of justifying its decision to withhold agency records, and we review the agency's decision *de novo*. 5 U.S.C. § 552(a)(4)(B); *see also U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 755, 109 S. Ct. 1468, 1472 (1989). Because disclosure is the "dominant objective" of FOIA, we narrowly construe FOIA exemptions. *Patterson v. Internal Revenue Serv.*, 56 F.3d 832, 835

4

(7th Cir. 1995); *see also U.S. Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 494, 114 S. Ct. 1006, 1012 (1994) ("FOIA reflects a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language."). In doing so, we must give "meaningful reach and application" to the exemptions, while also "tak[ing] care to construe the Exemption narrowly given the general policy favoring disclosure." *Solar Sources, Inc. v. United States*, 142 F.3d 1033, 1037 (7th Cir. 1998) (quotations omitted). "A district court may grant summary judgment to the government in a FOIA case only if the agency affidavits describe the documents withheld and the justifications for nondisclosure in enough detail and with sufficient specificity to demonstrate that material withheld is logically within the domain of the exemption claimed." *Patterson*, 56 F.3d at 836 (quotations omitted). Absent evidence of bad faith, a "reasonably detailed nonconclusory" government affidavit stating the reasons for withholding documents is sufficient to justify the applicability of an exemption, and "the veracity of the government's submissions regarding reasons for withholding the documents should not be questioned." *Matter of Wade*, 969 F.2d 241, 246, 249 n.11 (7th Cir. 1992).

    A. **Exemption 7(C)**

Exemption 7(C) excludes from FOIA's disclosure requirement "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Determining whether the release of information constitutes an "unwarranted" invasion of privacy "requires balancing the privacy interests of the affected persons against the public interest in the disclosure of the information." *Baker v. Fed. Bureau of Investigation*, 863 F.3d 682, 684 (7th Cir. 2017). "[T]he only relevant 'public interest in disclosure' to be weighed in this balance is the extent to which disclosure would serve the 'core purpose of the FOIA,' which is 'contribut[ing] significantly to

5

public understanding *of the operations or activities of the government.*'" *Fed. Labor Relations Auth.*, 510 U.S. at 495, 114 S. Ct. at 1012 (quoting *Reporters Comm.*, 489 U.S. at 775, 109 S. Ct. at 1482); *see also Reporters Comm.*, 489 U.S. at 773, 109 S. Ct. at 1482 (explaining FOIA's purpose is to allow citizens "to be informed about what their government is up to"). Thus, once the agency shows the records were requested for a law enforcement purpose and implicate a privacy interest, the burden shifts to the person requesting records to "show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake" and to demonstrate that "the information is likely to advance that interest." *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172, 124 S. Ct. 1570, 1580–81 (2004); *see also Reporters Comm.*, 489 U.S. at 773, 109 S. Ct. at 1482 (FOIA's purpose "is not fostered by disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct").

1. Law Enforcement Purpose

First, Defendant has established the threshold requirement under Exemption 7(C): the documents Plaintiff seeks were compiled for law enforcement purposes. (SOF ¶¶ 6, 8–14.) The government's declaration establishes that any non-public records responsive to Plaintiff's request were compiled for law enforcement purposes because there is a rational nexus between the information Plaintiff sought and the Marshals Service's law enforcement duties. (Day Decl. ¶¶ 10–14 (explaining the Marshals Service maintains two national systems of records likely to hold documents responsive to Plaintiff's request, both of which contain records collected and maintained for the purpose of carrying out criminal law enforcement activities). Furthermore, Plaintiff's request and his response to Defendant's motion affirm he was seeking criminal law enforcement records. (*See* Am. Compl. (Dkt. No. 14) at 1 (stating Plaintiff's FOIA

request seeks "criminal records"); FOIA Request (Dkt. No. 14) at PageID #:37 (stating "[t]his request for documents on Andrew K. Hughes is a law enforcement issue" and seeking Hughes' "fugitive record and felony conviction"); Resp. (Dkt. No. 29) at 2, 4, 6–7 (requesting, among other things, the warrant for Andrew Hughes' arrest, a "simple background check" on him, documents concerning his apprehension by the Marshals Service, and documents concerning his status as a felon and fugitive).)

### 2. Unwarranted Invasion of Privacy

Second, Defendant properly withheld the criminal records Plaintiff seeks because disclosure would pose an unwarranted invasion of personal privacy. It is undisputed that Andrew Hughes did not consent to the production of the records, nor is there any indication he is deceased. (SOF ¶ 7.) There is no question disclosure of criminal records implicates an individual's interest in avoiding disclosure of personal matters. *Reporters Comm.*, 489 U.S. at 763, 109 S. Ct. at 1476. (*See also* SOF ¶ 17 (explaining the Marshals Service determined that to the extent the records exist, their release "could subject this individual to unwarranted public attention, harassment, and annoyance in his private life for possibly being associated with a criminal matter").) Thus, the Supreme Court has held "as a categorical matter that a third party's request for law enforcement records or information about a private citizen can reasonably be expected to invade that citizen's privacy, and that when the request seeks no 'official information' about a Government agency, but merely records that the Government happens to be storing, the invasion of privacy is 'unwarranted.'" *Reporters Comm.*, 489 U.S. at 780, 109 S. Ct. at 1485 (holding a third-party "rap sheet" was properly withheld under Exemption 7(C)).

Further, the invasion of privacy here is unwarranted because Plaintiff has not met his burden of showing his attempt to use FOIA to conduct a "criminal background check" implicates

7

a significant public interest outweighing the privacy concerns. *Favish*, 541 U.S. at 172, 124 S. Ct. at 1580–81; *Baker*, 863 F.3d at 684. Plaintiff does not seek any official information about the Marshals Service or its conduct, nor has he attempted to establish that disclosure of the criminal records would otherwise serve any public purpose. *Reporters Comm.*, 489 U.S. at 780, 109 S. Ct. at 1485; *see also Hawkins v. Drug Enf't Admin.*, 347 F. App'x 223, 224 (7th Cir. 2009) ("FOIA's purpose is to ensure an informed citizenry, not to serve as a discovery tool."). While Plaintiff may believe the information will benefit him in the probate matter,[2] FOIA's purpose "is not fostered by disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct." *Reporters Comm.*, 489 U.S. at 773, 109 S. Ct. at 1482. Although Plaintiff asserts that an "overriding public interest" is "highly prevalent in all lives, in the United States when it comes to their heirships," (Resp. at PageID #:100, 104), the "only relevant public interest in the FOIA balancing analysis [is] the extent to which disclosure of the information sought would 'she[d] light on an agency's performance of its statutory duties' or otherwise let citizens know 'what their government is up to.'" *Fed. Labor Relations Auth.*, 510 U.S. at 497,

---

[2] Plaintiff indicates that he needs the documents because "there is a perpetuating wrong being inflicted on the Plaintiff and his siblings." (Resp. at PageID #:98–99.) Plaintiff's personal interest in a probate proceeding and his intended use of the documents is irrelevant. "[W]hether disclosure of a private document under Exemption 7(C) is warranted must turn on the nature of the requested document and its relationship to the basic purpose of the [FOIA] to open agency action to the light of public scrutiny . . . rather than on the particular purpose for which the document is being requested." *Reporters Comm.*, 489 U.S. at 772, 109 S. Ct. at 1481 (quotations omitted); *Fed. Labor Relations Auth.*, 510 U.S. at 498, 114 S. Ct. at 1013 (explaining that because FOIA is intended to "give any member of the public as much right to disclosure as one with a special interest in a particular document," the identity of the requesting party generally "has no bearing on the merits" of a FOIA request) (quotations omitted). For the same reason, Plaintiff's assertion that his records request "has nothing to do with bringing Andrew Hughes, AKA Andrew Darian to the news, whether it is televised news, print news, or any other type of news media" does not affect the balancing analysis. (Resp. at PageID #:98.)

114 S. Ct. at 1013 (alteration in original) (quoting *Reporters Comm.*, 489 U.S. at 773, 109 S. Ct. at 1482). There is no basis here for finding the information the Marshals Service withheld would shed light on the agency's performance.

In sum, Defendant has met its burden of justifying its decision to withhold documents pursuant to Exemption 7(C) in order to protect against the unwarranted invasion of a legitimate privacy interest, and Plaintiff has offered no reasonable public interest that would be advanced by revealing the private law enforcement records he seeks about his brother. *Reporters Comm.*, 489 U.S. at 780, 109 S. Ct. at 1485; *Patterson*, 56 F.3d at 836.

### B. *Glomar* Response

Defendant also argues that the Marshals Service properly refused to so much as confirm or deny the existence of any law enforcement records relating to Andrew Hughes, because to do so would cause harm cognizable under Exemption 7(C). (Mem. at 9–10.) "Courts have recognized that in some instances even acknowledging that certain records are kept would jeopardize the privacy interests that the FOIA exemptions are intended to protect. In these cases, the courts have allowed the agency neither to confirm nor deny the existence of requested records." *Antonelli v. F.B.I.*, 721 F.2d 615, 617 (7th Cir. 1983). "Such an agency response is known as a *Glomar* response and is proper if the fact of the existence or nonexistence of agency records falls within a FOIA exemption." *Wolf v. C.I.A.*, 473 F.3d 370, 374 (D.C. Cir. 2007). Defendant identified numerous courts finding an agency's *Glomar* response is proper where a plaintiff seeks law enforcement and criminal records relating to a third party (Mem. at 9), and we see no reason to conclude otherwise here. *See Antonelli*, 721 F.2d at 618; *Schwarz v. Interpol, Office of Info. & Privacy*, 48 F.3d 1232 (10th Cir. 1995) (unpublished disposition); *Manna v. United States Dep't of Justice*, No. CV 15–794, 2016 WL 4921394, at *6–7 (D.D.C. Sept. 15, 2016); *Sonds v. Huff*, 391 F. Supp. 2d 152, 159 (D.D.C. 2005); *Schwarz v. U.S.*

*Dep't of Treasury*, 131 F. Supp. 2d 142, 150 (D.D.C. 2000). As confirming the existence of criminal records pertaining to Andrew Hughes would fall within Exemption 7(C), Defendant properly refused to confirm or deny the existence of any such law enforcement records.

## CONCLUSION

There exists no genuine dispute of material fact that Plaintiff's FOIA request was properly denied, and Defendant's motion for summary judgment is therefore granted. (Dkt. No. 22.) It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: October 16, 2018
Chicago, Illinois